```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
U2 HOME ENTERTAINMENT, INC.,            :
                                        :
                Plaintiff,              :         **OPINION AND ORDER**
                                        :         06-CV-02770 (DLI) (RLM)
        -against-                       :
                                        :
KYLIN TV, INC., NEULION, INC.,          :
FALCONSTAR, INC. and                    :
TRANSVIDEO INTERNATIONAL, LTD.,         :
                                        :
                Defendants.             :
-------------------------------------------------------x
```
**DORA L. IRIZARRY, U.S. District Judge:**

On June 2, 2006, plaintiff U2 Home Entertainment, Inc. ("U2") brought suit against defendants Kylin TV, Inc. ("Kylin"), Neulion, Inc. ("Neulion"), Falconstar, Inc. ("Falconstar"), and Transvideo International, Ltd. ("Transvideo") (collectively, "defendants"), claiming that they had infringed on plaintiff's alleged exclusive right to publicly perform the twenty-five Asian language films listed in the complaint. In lieu of an answer, defendants jointly filed a motion to dismiss the complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) on July 31, 2006. On November 28, 2006, plaintiff filed a letter motion seeking a premotion conference on its proposed motion for a preliminary injunction. The court granted plaintiff's request, and a pre-motion conference was held on January 11, 2007. However, by letter dated February 22, 2007, plaintiff withdrew its motion for a preliminary injunction. For the reasons set forth below, defendants' motion to dismiss is denied.

**Background**

Plaintiff is a California corporation doing business as Century Home Entertainment, New Image Audio & Video and Tai Seng Video Marketing. (Compl. ¶ 2.) U2 claims to have the exclusive authority to publicly perform in the United States certain Chinese language (Cantonese and Mandarin), as well as other Asian language, motion pictures and television programs originally produced in Asia via television, cable television, satellite television and the Internet. (*Id*. at ¶¶ 2, 10.) As an exhibit to the complaint, plaintiff attached a list of the twenty-five motion pictures at issue herein, along with their registration numbers, if available. (*Id*. at Ex. A.)[1]

Defendant Kylin is a Delaware corporation with its principal place of business in Plainview, New York, and defendants Neulion and Falconstar are New York corporations with their principal places of business in Plainview, New York and Melville, New York, respectively. (*Id*. at ¶¶ 4-6.) Defendant Transvideo is an "unknown entity that is an affiliate of Kylin TV, Inc." (*Id*. at ¶ 7.) U2 alleges that all defendants "participate[d] in," "authorize[d]," "contribute[d] to," and are "vicariously liable for" the "unauthorized public performance of plaintiff's motion pictures." (*Id*. at ¶¶ 8, 13.)

Throughout the complaint, plaintiff refers to all above-named defendants collectively as "Kylin TV." (*Id*. at ¶ 8.) In relevant part, plaintiff describes defendants' allegedly infringing activities as follows: "a member of the public can become a monthly subscriber by registering with Kylin TV on the internet website . . . [and] pay[ing] a monthly subscription fee beginning at fifteen

---

[1] The following titles represent the twenty-five works cited by plaintiff in Exhibit A: "2 Young," "Addicted," "Chinese Paladin [Eps. 1-2]," "Colour of Truth," "Dream of a Warrior," "Driving Miss Wealthy," "Hansom Siblings, The [Eps 1-2]," "Honesty," "House of Fury," "Humanist," "Inner Senses," "Kung Fu Mahjong," "Legend of Speed [Eps. 1-2]," "Lion Roars, The," "Love for All Seasons," " Love is a Many Stupid Thing," "Love on a Diet," "Love on the Rocks," "Love Undercover 2: Love Mission," "Master Q: Incredible Pet Detective," "Set to Kill," "Shaolin Popery II: Messy Temple," "Six Strong Guys" and "Three of a Kind."

2

dollars . . . [which provides the subscriber with a] set top box . . . [which may then be connected] to a television and to a cable or DSL broadband connection . . . . The subscriber is [then] able to view feature length motion pictures and television programs. Kylin TV duplicates, distributes and uploads these motion pictures onto a computer network accessible to members of the public." (*Id*. at ¶¶ 13-16.) In so doing, plaintiff claims that the Kylin TV website provides subscribers with the option to view certain of plaintiff's motion pictures including, but not limited to, the titles attached to the complaint as Exhibit A, even though plaintiff has never authorized defendants to "duplicate, distribute or perform publicly any of plaintiff's motion pictures." (*Id*. at ¶¶ 17-19.)

Plaintiff's counsel first notified Kylin of its claims of infringement by forwarding a copy of a draft complaint to Kylin's offices on April 24, 2006. (Kohlberger Decl. Ex. 1.) In the draft complaint, plaintiff identifies the defendants as "John Does I Through X, doing business as 'Kylin TV, Inc.'" (*Id*.) On April 26, 2006, Kylin's counsel sent a letter to plaintiff's counsel, which stated that it was investigating plaintiff's claims. (Kohlberger Decl. Ex. 2.) On May 8, 2006, Kylin's counsel sent a letter to plaintiff's counsel asking it to provide documentary evidence demonstrating that U2 is the owner or exclusive licensee of each of the works listed in Exhibit A of the draft complaint. (Kohlberger Decl. Ex. 3.) On May 9, 2006, plaintiff's counsel responded by stating:

> [Plaintiff's] rights have been repeatedly sustained by federal courts, most recently in the reported decisions of <u>U2 Home Entertainment, Inc. v. Lai Ying Music & Video Trading, Inc. and Wei Ping Yuan</u>, 2005 WL 1231645 (S.D.N.Y. May 25, 2005) and <u>U2 Home Entertainment v. Rolling Rock Music Corp. et al.</u>, 2004 WL 2609416 (S.D.N.Y. Nov. 17, 2004). Although we have not compared the lists of works in these actions with those set forth in Exhibit A, the claims of title will surely be similar if not identical.

(Kohlberger Decl. Ex. 4.) On May 17, 2006, Kylin's counsel again requested that plaintiff provide evidence that it is the exclusive licensee of the works listed in plaintiff's draft complaint.

(Kohlberger Decl. Ex. 5.) The May 17 letter also stated that "Kylin TV was granted a sublicense to the relevant works by its affiliate, TransVideo International Ltd." (*Id*.)

On June 2, 2006, U2 commenced the instant action for copyright infringement. In addition to seeking the maximum statutory damages, attorneys fees and costs, plaintiff seeks to have defendants enjoined preliminarily during the pendency of this action and permanently from: (1) duplicating, distributing or uploading onto a computer network accessible by the public any of plaintiff's motion pictures; (2) transmitting, broadcasting or otherwise publicly performing any of plaintiff's motion pictures; and (3) infringing or contributing to or participating in the infringement by others of any of the copyrights in plaintiff's motion pictures, and from acting in concert with, aiding or abetting others to infringe any of said copyrights in any way.

The time to answer was extended to July 31, 2006, on which date defendants moved to dismiss the complaint pursuant to Rule 12(b)(6). In support of their motion to dismiss, defendants' counsel submitted as exhibits the online records of the United States Copyright Office, as well as copies of the results of a search conducted by Thomson of the assignment files of the United States Copyright Office for the twenty-five motion pictures at issue herein. (*See* Kohlberger Decl. Exs. 6-9.) Plaintiff filed its opposition brief on August 14, 2006, along with an affirmation by plaintiff's counsel, which allegedly includes documents relating to defendants Neulion, Falconstar and Transvideo, and an affidavit from U2's General Counsel, Alan T. Huie, Esq., which allegedly includes copies of copyright registrations or pending registrations, as well the corresponding "chain of title" documents. (Shapiro Affirm. Exs. A-F; Huie Aff. Exs. 1-25.) Defendants filed their reply on August 21, 2006.

## Discussion

### I. Documents That May Be Considered on a Motion to Dismiss

As a threshold matter, both parties to the instant action have submitted a number of exhibits with their briefs. When material outside the complaint is presented to, and not excluded by the court, "the motion shall be treated as one for summary judgment and disposed of as provided in [Federal Rule of Civil Procedure] 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion . . . ." Fed. R. Civ. P. 12(b). However, for purposes of this rule, the complaint is deemed to include documents attached to the complaint, documents referenced in the complaint, and documents integral to the complaint. *See Chambers v. Time Warner, Inc.,* 282 F.3d 147, 152-53 (2d Cir. 2002); Fed. R. Civ. P. 10(c). A document is "integral" to the complaint where "the complaint relies heavily upon its terms and effects." *Chambers,* 282 F.3d at 153. "A plaintiff's *reliance* on the terms and effect of a document in drafting the complaint is a necessary prerequisite to the court's consideration of the document on a dismissal motion; mere notice or possession is not enough." *Id*. (emphasis in original).

Under these standards, while the court is permitted to consider the parties' pre-filing correspondence, it may not consider the exhibits attached to plaintiff's counsel's affidavit on this motion. In *Chambers,* the Second Circuit noted that the harm from considering material outside the complaint is the lack of notice that the material may be considered. *Id*. However, where there is actual notice by the opposing party of all the information in the movant's papers, such as where the plaintiff has relied on the correspondence in question in framing the complaint, the necessity to convert a motion to dismiss to one for summary judgment is dissipated. *Id*. Here, as the pre-filing correspondence included letters to and from the parties' counsel, plaintiff clearly had notice of such

documents. Moreover, the complaint states that "Transvideo International, Inc. is an unknown entity that is an affiliate of Kylin TV, Inc.," indicating that plaintiff relied on the May 17, 2006 letter from Kylin's counsel in drafting the complaint. (Compl. ¶ 7.) By contrast, the documents attached to plaintiff's counsel's affidavit relating to defendants Neulion, Falconstar and Transvideo were neither referenced in, nor were they integral to the complaint given that the complaint merely states where defendants Neulion, Falconstar and Transvideo are incorporated and their principal places of business. (*See* Compl. ¶¶ 5-7.)

Although plaintiff neither attached the relevant "chain of title" documents to its complaint nor incorporated them by reference, it is clear that plaintiff relied on the terms and effects of such documents in framing its complaint. For instance, the complaint states that plaintiff "was and is the exclusive licensee in the United States for the public performance of certain Asian language motion pictures . . . [t]hese works are licensed by plaintiff for public performance on television and cable television systems, satellite television systems and over the Internet," and that plaintiff "has complied with all statutory formalities required by the Copyright Act, including renewals, where required, to maintain the validity of the registered copyrights in [p]laintiff's [m]otion [p]ictures." (Compl. ¶¶ 10-11.)

Despite this reliance, defendants assert that the "chain of title" documents are "unauthenticated," and as such, must be disregarded in their entirety. (Defs.' Reply Br. at 6.) Case law suggests that where a plaintiff relies on documents of disputed authenticity, as is the case here, the court may not consider them on a motion to dismiss. *See Philadelphia Parking Auth. v. Federal Ins. Co.,* 385 F. Supp. 2d 280, 284-85 (S.D.N.Y. 2005) (where a "plaintiff relies upon a document of *undisputed* authenticity," a court may consider documents attached to the complaint or

incorporated in it by reference) (emphasis added). As the authenticity of the documents is disputed, the court will not consider them on the motion to dismiss.

Finally, the court may take judicial notice of facts within the public domain and public records if such facts and records are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Accordingly, the court is entitled to take judicial notice of the exhibits attached to the Kohlberger affidavit, which include online records of the United States Copyright Office at <www.copyright.gov>, as well as copies of the results of a search conducted by Thomson of the assignment files of the United States Copyright Office for the twenty-five motion pictures at issue herein. *Id*.; *see also Island Software and Computer Serv., Inc. v. Microsoft Corp.,* 413 F.3d 257, 261 (2d Cir. 2005) ("[t]he district court was entitled to take judicial notice of Microsoft's federal copyright registrations, as published by the Copyright Office's registry."). Similarly, the court takes judicial notice of the copyright registrations attached as exhibits to Mr. Huie's affidavit. *Id*.

## II. Defendants' Motion to Dismiss

### A. Legal Standards

When considering a motion to dismiss pursuant to Rule 12(b)(6), the court must accept all factual allegations as true and draw all reasonable inferences in the non-moving party's favor. *Dangler v. New York City Off Track Betting Corp.,* 193 F. 3d 130, 138 (2d Cir. 1999). A motion to dismiss pursuant to Rule 12(b)(6) must be read in conjunction with Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a) sets forth the requirements for pleading a claim in federal court and directs that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

The Supreme Court recently clarified the pleadings standards under Rule 8(a) and the standard under which Rule 12(b)(6) motions are reviewed. In *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955 (2007), the Court rejected the "oft-quoted" standard set forth half a century ago in *Conley v. Gibson,* 355 U.S. 41, 78 (1957), that a complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id*. at 45-46. The Court "retire[d]" *Conley's* "no set of facts" language in favor of the requirement that plaintiff plead enough facts "to state a claim for relief that is plausible on its face." *Bell Atlantic Corp.,* 127 S. Ct. at 1974.

The Second Circuit has not interpreted the foregoing language to require a "universal standard of heightened fact pleading;" rather, it requires a "flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*." *Iqbal v. Hasty,* 2007 WL 1717803, at *11 (2d Cir. June 14, 2007) (emphasis in original). Indeed, shortly after its decision in *Bell Atlantic,* the Court reiterated that the pleading of specific facts in support of a complaint is not necessary. Instead, a complaint need only give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus,* 127 S. Ct. 2197, 2200 (2007). Although a complaint attacked by a Rule 12(b)(6) motion to dismiss "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp.,* 127 S. Ct. at 1964-65. Plaintiff's factual allegations must be sufficient to raise a right to relief above the speculative level, assuming that all the allegations in the complaint are true, even if doubtful in fact. *Id*. at 1965.

The elements of a copyright infringement claim are: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original. *See Fiest Publ'ns, Inc. v. Rural Tel. Serv. Co.,* 499 U.S. 340, 361, 111 S. Ct. 1282, 113 L. Ed 2d 358 (1991). Under the case law of this Circuit, to plead these elements sufficiently for purposes of Rule 8, a complaint must allege: (1) which specific original works are the subject of the copyright claim; (2) that plaintiff owns the copyrights in those works; (3) that the copyrights have been registered in accordance with the statute; and (4) a description of the specific acts, including time frame, allegedly committed by the defendant that infringed on the copyright. *See Kelly v. L.L. Cool J.,* 145 F.R.D. 32, 36 (S.D.N.Y. 1992), *aff'd,* 23 F.3d 398 (2d Cir. 1994), *cert. denied,* 513 U.S. 950, 115 S. Ct. 365, 130 L. Ed. 2d 318 (1994).

B.  **Sufficiency of the Pleadings**

In the instant motion, defendants first challenge the sufficiency of the complaint insofar as it alleges acts by defendants Neulion, Falconstar and Transvideo that infringed plaintiff's copyrights. Specifically, defendants argue that the complaint does not satisfy the notice pleading requirements set forth in Rule 8 because it merely states the places of incorporation and principal places of business for each defendant, alleges that each defendant is liable for "participat[ing] in," "authoriz[ing]" and "contribut[ing] to" the infringing activities, and describes the infringing activities of the defendants collectively. (*See* Compl. ¶¶ 5-18.) Paragraph 8 of the complaint states, "[d]efendants may herein be referred to as 'Kylin TV'." (*Id*. at ¶ 8.) Although the complaint is not a model of clarity, it meets, for the most part, the standards set forth above.

At this stage of the litigation, plaintiff is not required to specify exactly what acts each individual defendant performed in order to put defendants on fair notice of the claims against them. *See Carell v. Shubert Org., Inc.,* 104 F. Supp. 2d 236, 251 (S.D.N.Y. 2000) (complaint sufficient

9

under Rule 8, "despite the fact that each individual infringement was not specified," where plaintiff alleged the publication of certain designs in national and international stage products and videos in 1997 and 1998 and their use in certain commercial products"); *see also Plunket v. Doyle,* No. 99 Civ. 11006, 2001 WL 175252, at *6 (S.D.N.Y. Feb. 22, 2001) ("plaintiff need not specify each infringing act with respect to each original work; the [c]ourt recognizes that discovery is likely to provide many of the details of the allegedly infringing acts and much of this information may be exclusively in defendants' control."). Moreover, Rule 8 does not prohibit plaintiff from choosing to make allegations against defendants collectively. *See Clayton v. City of Middletown,* 237 F.R.D. 538, 540 (D. Conn. 2006) ("plaintiff apparently chose to make its allegations against the defendants collectively, and Rule 8 does not prohibit such allegations against multiple defendants.").

Referring to defendants Kylin, Neulion, Falconstar and Transvido collectively as "Kylin TV," plaintiff alleges that defendants infringed on its exclusive right to publicly perform the twenty-five Asian language films at issue herein as follows: "a member of the public can become a monthly subscriber by registering with Kylin TV on the internet website . . . [and] pay[ing] a monthly subscription fee beginning at fifteen dollars . . . [which provides the subscriber with a] set top box . . . [which may then be connected] to a television and to a cable or DSL broadband connection . . . . The subscriber is [then] able to view feature length motion pictures and television programs. Kylin TV duplicates, distributes and uploads these motion pictures onto a computer network accessible to members of the public." (Compl. ¶¶ 13-16.) Plaintiff asserts that such acts render defendants Neulion, Falconstar and Transvideo directly, contributorily and vicariously responsible for the infringement. (*Id.* at ¶¶ 8.) Therefore, defendants cannot really argue that they do not have notice of the claims against them because "the complaint is so confused, ambiguous, vague or

otherwise unintelligible that its true substance, if any, is well disguised." *Salahuddin*, 861 F.2d at 42.

Accordingly, plaintiff's allegations against defendants Neulion, Falconstar and Transvideo more than satisfy the Rule 8 requirements.

**B.     Failure to State a Claim**

Defendants next move to dismiss the complaint for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6).

1.     Ownership by Plaintiff

Defendants first argue that plaintiff cannot establish ownership of valid copyrights as a matter of law because it failed to attach to its complaint copies of the certificates of registration for the works at issue, or evidence as to how it obtained ownership interest in the works. Defendants claim that plaintiff "has the burden of proving [its] chain of title" because the Registration and Assignment Records of the Copyright Office indicate that with respect to at least twenty-two out of the twenty-four registered works identified in the complaint, plaintiff is not the owner. *Kenbrook Fabrics, Inc. v. Soho Fashions, Inc.,* 13 U.S.P.Q. 2d 1472, 1476 (S.D.N.Y. 1989) (*quoting* 3 NIMMER ON COPYRIGHT, § 12.11[C] at 12-81-12-82 (1989)). Moreover, even assuming that plaintiff has obtained a limited license to the works at issue for a specific purpose, defendants claim that plaintiff has not obtained an exclusive license of all the statutory rights granted as a copyright owner under 17 U.S.C. § 106 for each work at issue. *See Random House, Inc. v. Rosetta Books LLC,* 150 F. Supp. 2d 613, 617 (S.D.N.Y. 2001) ("an exclusive licensee may not sue for infringement of rights as to which he is not licensed, even if the subject matter of the infringement is the work as to which he is a licensee.").

On a motion to dismiss, the court must refrain from engaging in fact-finding, and plaintiffs must be given a fair chance to contest defendants' evidentiary assertions. *See Amaker v. Weiner,* 179 F.3d 48, 50 (2d Cir. 1999). Moreover, "[c]omplaints [for copyright infringement] simply alleging present ownership by plaintiff, registration in compliance with the applicable statute, and infringement by defendant, have been held to be sufficient under the rules." *Mid America Title Co. v. Kirk,* 991 F.2d 417, 421 n. 8 (7th Cir. 1993) (*quoting* 5 CHARLES A. WRIGHT & ARTHUR A. MILLER, FEDERAL PRACTICE AND PROCEDURE, § 1237, at 283 (1990)). Here, Exhibit A contains a list of the twenty-five Asian language motion pictures at issue herein, along with the copyright registration numbers for all but one of the works. Plaintiff claims to be the "exclusive licensee in the United States for the public performance" of such motion pictures, and has allegedly "complied with all statutory formalities required by the Copyright Act, including renewals, where required, to maintain the validity of the registered copyrights in [its] motion pictures." (*Id*. at ¶¶ 10, 11, Ex. A.) Moreover, as set forth above, plaintiff alleges in sufficient detail the manner in which defendants infringed on plaintiff's alleged exclusive right to publicly perform the twenty-five Asian language films. As such, the complaint sufficiently alleges ownership by plaintiff of the copyrights at issue and infringement by defendants.

To the extent defendants argue that plaintiff failed to allege an unbroken chain of title to the rights at issue, it is unnecessary for the complaint to include such detailed factual recitation. At a later stage in this litigation, plaintiff will bear the burden of proving either its ownership interest, or that it is an exclusive licensee of all the statutory rights granted in a copyright owner for each work at issue herein. It is a burden plaintiff may yet fail to carry. However, defendants fail to make the necessary showing to justify dismissal of the complaint at this stage of the litigation because such

particularity in pleadings is not required.

2. Registration

Defendants further argue that the court does not have jurisdiction over plaintiff's claim to the works, "Love Undercover 2: Love Mission" and "Set to Kill," because (1) plaintiff has not yet received a certificate of registration or a denial from the Copyright Office for "Love Undercover 2: Love Mission," and (2) no relevant record can be located in the United States Copyright Office for "Set to Kill" under either the title provided or the registration number provided in Exhibit A. Ordinarily, "no action for infringement of the copyright of any work shall be instituted until registration of the copyright claim has been made in accordance with this title." 17 U.S.C. § 411(a); *see also Tuff-n-Rumble Management, Inc. v. Sugarhill Music Publ'g Inc.,* 49 F. Supp. 2d 673, 677 (S.D.N.Y. 1999) ("district courts are without subject matter jurisdiction to hear claims for federal copyright infringement unless a party asserts in its pleadings that he has received an actual certificate of registration or its denial from the Copyright Office."). However, proof of registration is not necessary if the work, as here, originated in a country outside the United States that is a signatory to the Berne Convention for the Protection of Literary and Artistic Works ("Berne Convention"). *See La Resolana Architects, PA v. Clay Realtors Angel Fire,* 416 F.3d 1195, 1201 n. 5, 1205-06 (10th Cir. 2005); *see also* 17 U.S.C. § 411(a) ("no action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title.").[2]

---

[2]Section 101 of Title 17 states:
For purposes of section 411, a work is a "United States work" only if – (1) in the case of a published work, the work is first published (A) in the United States; (B) simultaneously in the United States and another treaty party or parties, whose law grants a term of copyright protection that is the same as or longer than the term provided in the United States; (C)

13

Here, viewing the facts in a light most favorable to the non-moving party, the court assumes that plaintiff's works are subject to the Berne Convention because they were first published in China, a signatory to the Berne Convention. *See* United States Copyright Office, Circular 38a, International Copyright Relations of the United States (Mar. 1, 2003), a*vailable at* [http://www.copyright](http://www.copyright).*gov/circs/circ38a.pdf*; *see also Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 508, n. 1, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002) ("[W]e must accept as true all of the factual allegations contained in the complaint."); *Neitzke v. Williams,* 490 U.S. 319, 327, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations."). Accordingly, the court retains jurisdiction over plaintiff's claim to the works, "Love Undercover 2: Love Mission" and "Set to Kill."

3. Acts of Infringement

Finally, defendants appear to rehash their arguments pursuant to Rule 8, namely plaintiff's supposed failure to sufficiently allege the acts by which the defendants had infringed plaintiff's exclusive copyrights. The court addressed this argument earlier, and the same analysis applies here.

---

simultaneously in the United States and a foreign nation that is not a treaty party; or (D) in a foreign nation that is not a treaty party, and all of the authors of the work are nationals, domiciliaries, or habitual residents of, or in the case of an audiovisual work legal entities with headquarters in, the United States; (2) in the case of an unpublished work, all the authors of the work are nationals, domiciliaries, or habitual residents of the United States, or, in the case of an unpublished audiovisual work, all the authors are legal entities with headquarters in the United States; or (3) in the case of pictorial, graphic, or sculptural work incorporated in a building or structure, the building or structure is located in the United States. 17 U.S.C. § 101.

**Conclusion**

For the foregoing reasons, defendants' motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) is denied.

SO ORDERED.

DATED:   Brooklyn, New York
         July 10, 2007

                                     _____/s/_____
                                       DORA L. IRIZARRY
                                       United States District Judge