UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
U2 HOME ENTERTAINMENT, INC.,

                        **Plaintiff,**                **MEMORANDUM AND ORDER**

              **-against-**                          06-CV-2770 (DLI)

**KYLIN TV, INC., et al.,**

                        **Defendants.**
------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

       The Court is in receipt of a series of letters from plaintiff U2 Home Entertainment, Inc. ("plaintiff") and defendants KyLinTV, Inc., Neulion, Inc., Falconstor, Inc. and Transvideo International Ltd. (collectively, "defendants"), concerning defendants' disclosure of redacted "chain of title" documents that defendants designated as "Attorneys' Eyes Only" pursuant to a Stipulated Protective Order signed by the Court on November 27, 2007 ("Protective Order").[1] Plaintiff requests an order directing defendants "to produce[] unredacted versions of these documents without a confidentiality designation." 2/28/08 Pl. Letter at 1. Defendants respond that the redacted information is "wholly unrelated to the works at issue" in this copyright infringement action and that the licensing documents at issue contain "the type of confidential and competitive 'commercial information' that is routinely the subject of protective orders in copyright cases . . . ." 3/4/08 Def. Letter at 2. For the reasons that follow, plaintiff's

---

[1] For ease of reference, plaintiff's letters, which were filed on February 28, 2008, March 6, 2008, and March 27, 2008, will be cited as "[Date] Pl. Letter," and defendants' letters, which were filed on March 4, 2008, March 27, 2008, and April 1, 2008, will be cited as "[Date] Def. Letter."

application is granted in substantial part, and the parties are directed to confer with respect to one remaining issue.

## DISCUSSION

### A. Redactions

Defendants do not and indeed cannot dispute that the chain-of-title documents are relevant to the claims and defenses in this case and are thus discoverable. See generally Fed. R. Civ. P. 26(b)(1). Rather, defendants argue that they are entitled to redact from concededly discoverable documents information that they contend is irrelevant and competitively sensitive, including the names of films not specifically enumerated in the Complaint. See 3/4/08 Def. Letter at 1-2. However, in arguing that plaintiff's claims are limited to the motion pictures listed in the Complaint (see 3/4/08 Def. Letter at 2), defendants overlook other portions of that pleading, which are not so limited. See 3/6/08 Pl. Letter at 1; Complaint at ¶ 18 (alleging that defendants infringed plaintiff's exclusive rights to transmit and publicly perform motion pictures "including but not limited to" those specifically enumerated); id. at ¶ 19 (alleging that plaintiff never authorized defendants to duplicate, distribute or perform any of the specified motion pictures "or any other motion picture to which plaintiff owns exclusive performance rights").

Moreover, defendants have provided no evidence whatsoever to support their suggestion that the names of the motion pictures in their "film library" constitute trade secrets. See 3/4/08 Def. Letter at 1, 2. As defendant thus have "fail[ed] to make any meaningful showing as to the sensitivity of the withheld materials," they must produce the chain-of-title

documents in unredacted form.  Brandwynne v. Combe Int'l Ltd., No. 98CIV.2653(SAS)(MHD), 1998 WL 751657, at *1 (S.D.N.Y. Oct. 28, 1998) (declining to disturb order that denied defense request for permission to redact board minutes to exclude all references to products other than those at issue); see United States v. Davis, No. 85 Civ. 6090 (KC), 1988 WL 96843, at *3 (S.D.N.Y. Sept. 13, 1988) (upholding magistrate judge's ruling requiring defendant to produce unredacted copies of discovery materials, where defense objection was supported by a "mere blanket averment by an attorney . . . that the redacted information is irrelevant and/or confidential in that it contains proprietary financial information").[2]

## B. Confidentiality Designation

The parties also disagree as to the propriety of defendants' designation of the chain-of-title documents as "Attorneys' Eyes Only." In order to investigate the legitimacy of defendants' licensing agreements, plaintiff wants to disclose these agreements to "plaintiff's representatives and to third-parties, without restriction . . . ." 2/28/08 Pl. Letter at 2. Plaintiff therefore demands that defendants produce "unredacted versions of these documents without a confidentiality designation." Id. at 1. Defendants object, arguing that the documents at issue contain "competitive . . . information" of the kind "routinely" protected by a protective order, see 3/4/08 Def. Letter at 2, and complaining that plaintiff intends to use this

---

[2] While the record is unclear, it appears that defendants have also redacted financial licensing terms, see 3/4/08 Def. Letter at 1, 2 & Ex. 3 thereto, but have disclosed this information to plaintiff's counsel in an otherwise identical production designated as "Attorneys' Eyes Only." See id. Ex. 4; 2/28/08 Pl. Letter at 1 n.1. The pricing information, which the parties barely discuss in their submissions, is addressed in the succeeding section of this opinion.

information "for improper purposes wholly unrelated to this litigation." Id. at 1.

Contrary to the implication of defendants' argument, see 3/4/08 Def. Letter at 2, the fact that the Protective Order permits confidentiality designations for "confidential . . . commercial information which is not publicly known" (Protective Order at ¶ 1.3) in no way creates a presumption that information so designated qualifies for protection under Rule 26(c) of the Federal Rules of Civil Procedure. See Protective Order at ¶ 9 (stating that no presumption of confidentiality shall arise by virtue of a designation of confidentiality). In fact, where as here, "the confidentiality designation is contested, the party seeking to maintain confidential treatment for the challenged document will have the burden of establishing good cause for the continuation of that treatment." Lachica v. City of New York, 94-CV-7379 (LAK), 1995 WL 77928, at *1 (S.D.N.Y. Feb. 23, 1995).

Rather than making a particularized showing of good cause for continued confidential treatment in this case, defendants merely cite a case involving trade secrets, see Vesta Corset Co. v. Carmen Foundations, Inc., No. 97 CIV. 5139 (WHP) 1999 WL 13257 (S.D.N.Y. Jan. 13, 1999), and assert, in conclusory and unsworn fashion, that the information at issue here "is routinely the subject of protective orders . . . ." 3/4/08 Def. Letter at 2.[3] However, the party seeking protection for alleged trade secrets bears the burden of demonstrating good cause for such a classification. See Cuno Inc. v. Pall Corp., 117 F.R.D. 506, 507-08 (E.D.N.Y. 1987) (collecting cases). In determining whether purported trade secrets should be protected, the

---

[3] Notably, in Vesta, the parties agreed that the information at issue was "confidential information" subject to the terms of their protective order; the narrow question presented was who should have access to that information. See 1999 WL 13257, at *2.

Court must consider a variety of factors, including the extent to which the information is known both outside the business and to those involved in the business; the measures taken to guard the secrecy of the information; the value of the information to the business and its competitors; and the ease with which the information could be properly acquired by others. Id. (collecting cases); Vesta, 1999 WL 13257, at *2. While defendants contend that the documents at issue in this case are "highly sensitive," 3/4/08 Def. Letter at 2, they proffer no evidence whatsoever as to any of the foregoing factors. The law is clear that "conclusory statements are insufficient to satisfy the burden of showing good cause." Cuno, 117 F.R.D. at 508; see Greater Miami Baseball Club Ltd. P'ship v. Selig, 955 F.Supp. 37, 40 (S.D.N.Y. 1997).

  Defendants thus have failed to sustain their burden of justifying confidential treatment for the chain-of-custody documents, with one possible exception. The licensing agreements do contain financial terms, which have been "widely held" to constitute "confidential business information" subject to a protective order in litigation between competitors. Vesta, 1999 WL 13257, at *2. In this case, neither side's submissions have focused on the significance of the financial terms; defendants have not addressed the factors underlying a finding of confidentiality, and plaintiff has not explained why it needs such information and needs to share it with third parties. Out of an abundance of caution, the Court in its discretion defers decision on this particular aspect of the motion and thus will not at this time strike the "Attorneys' Eyes Only" designation from this limited portion of the licensing documents. Counsel are directed to confer in good faith to resolve this issue without further judicial

involvement. If they are unable to reach agreement, they may apply for further intervention by the Court.

The remaining portions of the documents must be promptly produced to plaintiff without restriction.

Defendants' concern that plaintiff will use the disclosed information "for improper purposes wholly unrelated to this litigation," 3/4/08 Def. Letter at 1, does not warrant a different result: under the terms of the Protective Order, *all* information produced in discovery -- whether or not deemed "confidential" -- "may be disclosed, used or shared only for purposes of prosecuting, defending, or attempting to settle the case in which the material has been designated for production and not for any other purpose." Protective Order at ¶ 5.1; compare id. at ¶ 1.2 (defining "Discovery Material") with id. at ¶ 1.3 (defining "CONFIDENTIAL Material"). Therefore, regardless of the classification of the discovery materials, plaintiff and its counsel are precluded from using that information "to explore potential business opportunities." 3/4/08 Def. Letter at 1.

## CONCLUSION

For the foregoing reasons, and subject to the limitation detailed at page 5, defendants must, by April 17, 2008, produce the chain-of-title documents in unredacted form and without any confidentiality designation.

**SO ORDERED.**

**Dated:** Brooklyn, New York
April 14, 2008

**ROANNE L. MANN**
**UNITED STATES MAGISTRATE JUDGE**